IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADEKUNLE OJELADE
    Plaintiff,

vs.                                               Case No. 5:08cv273/RS/MD

MARGARET McCANN SHAMBLIN
and AMERICAN NATIONAL
INSURANCE CO.,
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Adekunle Ojelade, appearing pro se, initiated this cause by filing a handwritten complaint (doc. 1) and a motion to proceed *in forma pauperis*. (Doc. 2). Good cause having been shown, plaintiff's motion for leave to so proceed should be granted.

Plaintiff was injured in an automobile accident on September 22, 2005 in Panama City Florida. As defendants plaintiff names Margaret McCann Shamblin, the driver of the other vehicle, and Ms. McCann Shamblin's insurer, American National Insurance Company. Plaintiff seeks to recover damages for his bodily injuries as well as mental anguish and distress from Ms. McCann Shamblin's "willful" and "deliberately negligent" actions. He asserts that she failed to use precaution and failed to admit the lack of care to her insurer, who in turn, denied compensation to the plaintiff. Although plaintiff attempts to frame this case as a federal dispute, and cites the First and Sixth Amendments to the U.S. Constitution, there is no apparent basis for federal jurisdiction over this dispute.[1]

---

[1] Plaintiff has initiated several cases in federal court, at least one of which tangentially relates to the accident which is the subject of the instant case. 5:06cv89/RS/MD; 5:06cv206/RS/EMT; 5:08cv274/RS/AK.

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala.*, 168 F.3d at 410). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)). In this case, the allegations of plaintiff's complaint reveal no discernable basis for federal jurisdiction. Although plaintiff refers to First Amendment and "U.S.C. rights," this appears to be a garden variety personal injury action. Although plaintiff claims damages in the amount of $500,000, there is no statement with respect to diversity of citizenship. Therefore, the case must be dismissed for lack of jurisdiction.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of September, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:08cv273/RS/MD*

*Page 3 of 3*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).